IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:17CR3068 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| -vs- | ) | MOTION TO DISCLOSE IDENTITY |
| | ) | OF INFORMANT AND MAKE |
| FRANCISCO DIAZ VARGAS, | ) | AVAILABLE FOR INTERVIEW |
| | ) | |
| Defendant. | ) | |

The Motion for Disclosure and availability filed in this case is based on *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), and the Fifth and Fourteenth Amendments to the United States Constitution. In *Rovario, supra*, the Supreme Court held that the government has a limited privilege to withhold from disclosure the identity of persons who furnish information. *Rovario* at 627. The scope of that privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged.

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where disclosure of an informant's identity or the contents of his or her communication is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege must give away. *Rovario* at 628.

The Court declined to formulate a fixed rule to be applied in every case with respect to disclosure. Instead, the court developed a balancing test with the public interest and protection of the flow of information balanced against the accused's individual right to prepare a defense. The particular circumstances of each case must

1

be closely scrutinized in order to determine whether nondisclosure is erroneous. Each court should take into consideration the crime(s) charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. _Rovario_ at 629, United States v. Ordonez, 737 F.2d 793, 808 (9th Cir. 1984).

In _Ordonez_, the 9th Circuit Court of Appeals reversed the conviction of the defendant because the comments on the record with regard to the decision not to reveal the informer were so brief that the appellate court could not determine whether the trial court had correctly weighed the various factors set out in _Rovario_. _Ordonez_ at 809. Indeed, the court determined that since the District Court believed that the disclosure would have been "highly relevant and may have been helpful to the defense," it was error of a constitutional dimension to deny disclosure solely because of a potential danger to the informer. _Ordonez_ at 809.

If the informant was a percipient witness to, or actively participated in the negotiations and transactions leading to the commission of the alleged crime(s), the identity of the informant must be revealed. In the case at bar, counsel for the defense has thoroughly gone through all discovery provided thus far, and it appears that at least some of the informants may be percipient witnesses. Under _Rovario_, and also _Velarde-Villareal v. United States_, 345 F.2d 9 (9th Cir. 1965), the identity and whereabouts of these individuals must be revealed.

The government must produce the confidential informants prior to trial, and defense counsel should be permitted to interview them prior to trial with such advance notice and opportunity, so defense counsel may file appropriate motions which may be precipitated after confidential informants interviews. The government's obligation is not

fully satisfied by merely disclosing the identity and location of confidential informants. Defendant specifically requests that the informants be produced, and submits that the government has the duty to produce these informants or to show that, despite reasonable efforts, it was not able to do so. <u>United States v. Hart</u>, 546 F.2d 798, 799 (9th Cir. 1976).

Defendant respectfully requests that the Court permit his defense counsel to question the informants before trial. From the information provided, Defendant does not know the full names of the confidential informants or where they live. He should, therefore be permitted to interview the informants well in advance of trial. <u>See</u>, <u>United States v. Hernandez</u>, 608 F.2d 741 (9th Cir. 1979); <u>United States v. Bower</u>, 575 F.2d 499 (5th Cir.), <u>Cert. denied</u>, 439 U.S. 983 (1978).

In <u>Callahan v. United States</u>, 371 F.2d 658 (9th Cir. 1967), the court held that both the defense and the prosecution have the right to interview witnesses before trial, and that the exceptions to such rules were justifiable only by the clearest and most compelling circumstances. It is beyond dispute that witnesses to a crime are the property of neither the prosecution nor the defense and that both sides have an equal right and should have an equal opportunity to interview them.

For the reasons cited above, it is clear that the informants in this case are material witnesses. The government should be required to disclose the identity of all these material witnesses and their whereabouts, and to make them available for the defense. Failure to do so would require dismissal of this case.

This Honorable Court has considerable discretion in deciding whether an <u>in camera</u> hearing is necessary in determining when the government must release the

3

informant's name and whereabouts to the defense. In <u>United States v. Rawlison</u>, 487 F.2d 5, 7-8 n.4 (9th Cir. 1973), the court held that an in camera hearing was an appropriate means for determining whether the informant's identities and testimony would be helpful and relevant to the defense. While the court in <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1974), <u>Cert. denied</u>, 420 U.S. 910 (1975), refused to establish a fixed rule that requires disclosure of an informant's identity when probable cause is at issue, it did approve the holding of an <u>in camera</u> hearing to which the defense counsel, but not the defendant, is admitted.

More recently, in <u>Ordonez</u>, the court stated that "[t]o insure that the informer is subject to a vigorous or searching examination, some trial courts have permitted the defense counsel to submit a set of questions to be propounded by the court." 722 F.2d at 541 (citations omitted). Further, the court held that the "procedure selected by the trial court should provide a substantial equivalent to the rights available to a criminal defendant under the Fifth and Sixth Amendments." 722 F.2d at 540-541.

Thus, the identities of the informants should be disclosed well in advance of trial, or in the alternative, this Court should conduct an <u>in camera</u> hearing and allow defense counsel to participate in order to determine whether the informant's testimony is material and helpful to the defense.

Defendant respectfully requests the opportunity to interview the government's informants sufficiently in advance of trial so that any further investigation that may be necessary may be accomplished without interrupting trial itself.

The defense contends that the defense is entitled to information regarding the confidential informant. With respect to any informant or witness that the government

4

intends to rely upon at trial, defense has requested disclosure of the following and impeachment information:

1.      Any and all records and information revealing prior felony convictions, convictions for a crime involving false statements or dishonesty, or juvenile adjudications attributed to the informants, including but not limited to relevant "rap sheets."

<u>See</u>, <u>United States v. Alvarez-Lopez</u>, 559 F.2d 1155 (9th Cir. 1977).

2.      Any and all records and information revealing prior misconduct or bad acts attributed to the informant(s), including, but not limited to, any acts of misconduct conducted by them.  <u>Weinstein's Evidence</u> 608[5] at 608-25 (1976).

3.      Any and all consideration or promises of consideration given to the informant(s) or expected or hoped for by them.  By "consideration", defense refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to him or her or to persons of concern to them.  This request includes but is not limited to formal or informal and direct or indirect leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, Internal Revenue Service Court of Claims, administrative, or other dispute with the United State or the State of Nebraska. <u>See, e.g.,</u> <u>Guam v. De La Rosa</u>, 644 F.2d 1257, 1259 (9th Cir. 1980) (Testimony secured by promise not to prosecute in exchange for cooperation).

"Consideration" also encompasses any favorable treatment or recommendation with respect to criminal civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity including cash, vehicles, aircraft,

5

rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter transportation, legal services or other benefits, placement in "witness protection program," and anything else that arguably could reveal an interest, motive, or bias in them in favor of the government or against the defense, or which could act an inducement to testify or to color testimony. *See*, *Bagley v. Lumpkin*, 719 F.2d at 1462-1464; *United States v. Mayer*, 556 F2d 245, 248 (5th Cir. 1977); *United States v. Partin*, 493 F.2d 750, 757 (5th Cir. 1974); *United States v. Garza*, 574 F.2d 298, 301-302 (5th Cir.1978).

    4.      Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant(s), criminal prosecutions, investigations, or potential prosecutions pending, or which could be brought against them, any probationary, parole, deferred prosecution, or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government over which the government has a real, apparent, or perceived influence. *See*, *Davis v. Alaska*, 415 U.S. 308 (1974*); United States v. Alvarez-Lopez; United States v. Sutton*, 542 F.2d 1239 (4th Cir. 1976).

    5.      The existence and identification of each occasion on which the informant(s) have testified before the court, grand jury, or other tribunal or body in connection with this or similar cases. *See*, *United States v. Alvarez-Lopez*; *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975).

    6.      Any and all records and information which arguably could be helpful or useful for the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information.

This request includes any evidence tending to show the narcotic habits of the informant(s) at the time of relevant events.  _See, e.g., United States v. Bernard_, 625 F.2d 854, 858-859 (9th Cir. 1980).

7. The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant(s) have been involved either as an informant or a defendant.  Any prior criminal conduct on the part of the informant(s) either as informant or defendant is relevant in establishing a possible defense of entrapment.

Defense counsel has made these multiple requests because, in order to properly prepare a defense in this matter, it is critically important that the defense be aware of all information related to any informant's credibility and background.

Cross examination of any confidential informant may be a critical part of defendant's defense, and this cross examination must be complete and thorough in order to protect defendant's rights.  _Washington v. Texas_, 388 U.S. 14 (1967).  In order to properly examine any informants, the defense must be aware of all information relating to the informant's credibility, including biases, prejudices or motives, as well as any substantive evidence in the informant's possession regarding entrapment.  As in any case, the inherent unreliability of the testimony of accomplices or government informants underscores the need for complete disclosure of all information relating to their credibility.

Respectfully submitted this 20th day of July, 2017.

**FRANCISCO DIAZ VARGAS, Defendant**

By: /s/Carlos A. Monzón
    Carlos A. Monzón
    Attorney for the Defendant
    1133 H Street
    Lincoln, Nebraska 68508
    (402) 477-8188

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2017, I electronically filed the foregoing Notice of Appearance to the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system which sent notification of such filing to all counsel of record including: Martin Klein, AUSA.

/s/Carlos A. Monzón
Carlos A. Monzón