IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>FRANCISCO DIAZ VARGAS,<br><br>               Defendant. | 4:17CR3068<br><br>ORDER |

Defendant has moved for Disclosure of Identity of Confidential Informant (Filing No. 17), along with seven (7) categories of information related to the informant. As stated in the court's progression order, "[t]he filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5." Filing No. 13 at CM/ECF p. 1, ¶ 3.

Pursuant to Nebraska Criminal Rule 12.3(b)(3) states:

A motion seeking discovery or disclosure of evidence must include a statement verifying that (A) the moving party's attorney conferred with the opposing attorney in person or by telephone in a good-faith effort to resolve the issues raised in the motion and (B) the parties were unable to reach an agreement. This showing must also state the date, time, and place of the communications and the names of all participating persons.

NECrimR 12.3(b)(3).    The court's progression order further emphasizes the meet and confer requirement, stating:

In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including *Brady* material, as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without the involvement of the court and that such attempts have been

unsuccessful. The motion shall further state the dates and times of any such conferences.

Filing No. 13 at CM/ECF p. 1, ¶ 3(b).

The purpose of NECrimR 12.3(b)(3), and the above-quoted language from the court's progression order, is to require the parties to attempt to resolve discovery disputes among themselves before seeking court assistance. Counsel and the parties are much more informed than the court concerning the disputed issues and the discovery exchanged, and are therefore better equipped to engage in informed discussions and potentially resolve disputes over the pretrial disclosure of information. Although court intervention is sometimes necessary, the laboring oar for resolving discovery disputes should and, under this court's rules and progression order, does rest in the first instance with the parties. Requiring the parties to engage in good faith discussions before filing discovery motions allows for faster case progression and a more efficient use of judicial and attorney resources.

The defendant's motion does not state the parties attempted to resolve the confidential informant issue before the motion was filed.

Accordingly,

IT IS ORDERED that Defendant's Motion for Disclosure of Identity of Confidential Informant (Filing No. 17), is denied.

July 20, 2017.  BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge