IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>FRANCISCO DIAZ VARGAS,<br><br>               Defendant. | 4:17CR3068<br><br>BRIEF : GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT AND MAKE AVAILABLE FOR INTERVIEW |

COMES NOW the United States of America, by and through the undersigned Special Assistant United States Attorney, and files this Response to Defendant Diaz Vargas' Motion for Disclosure of Identity of Confidential Informant filed on July 20, 2017 (Filing no. 17).

## I.    MOTION FOR DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANT AND MAKE CONFIDENTIAL INFORMANT AVAILABLE FOR INTERVIEW

The Government has a privilege to withhold the identity of a confidential informant. In responding to the Defendant's motion, the Government will first briefly address each item individually and subsequently provide discussion to support the Government's position where necessary.

The Government notes that all physical evidence in the case is available to Defendant for inspection. Government sent reports to defense counsel on July 14, 2017. Additionally, on or about July 21, 2017, the undersigned spoke with counsel for the Defendant and the case agent via phone

and discussed the evidence of the case. Defense counsel was made aware of the essential facts of the case, including the role of the confidential informant.

In Defendant's motion, Defendant has requested the Government disclose the identity of the confidential informant in this case and make the confidential informant available for interview by defense counsel (Filing no. 17). However, in his brief accompanying his motion, Defendant expands his requests. Although not part of his motion, this brief will address these additional requests as well.

*a. Disclosure of the Confidential Witness' Identity*

The United States asserts a privilege as to the identity of the confidential informant. In <u>Roviaro v. United States</u>, 353 U.S. 53 (1957) the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. The court declined to adopt a fixed rule for determining when disclosure was required. <u>Id</u>. at 62. Instead, it adopted a balancing test of "the public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Id</u>. Courts should consider factors such as "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." <u>Id</u>.

In determining whether disclosure is required, the threshold issue is whether the informant is a material witness. Disclosure of the confidential informant is not mandated "unless it is vital to a fair trial." <u>United States v. Bourbon</u>, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." <u>Devose v. Norris</u>, 53 F.3d 201, 206 (8th Cir. 1995). See also <u>United States v. Sanchez</u>, 429 F. 3d 753 (8th Cir. 2005).

2

Assuming without conceding that cooperating witnesses the government may call at trial are "confidential informants" as stated in defendant's motion, the government still has compelling reasons not to disclose their identities at this time. In United States v. Foster, 815 F.2d 1200 (8th Cir. 1987), the Eighth Circuit analyzed facts similar to those present in this case in the context of the Supreme Court's decision in Roviaro. In Foster, the Eighth Circuit held that where an individual described as a confidential informant ultimately testified at trial, the district court did not err if refusing to require disclosure of his identity prior to trial. Foster, 815 F.2d at 1203. Addressing the issue, the Eighth Circuit stated:

> The need for protecting the identity of government informants is well recognized. (Citations omitted). Nevertheless, the need for anonymity must give way when the identity of the informant "is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause . . ." United States v. Roviaro, 353 U.S. 53, 60-61. . .
>
> Under the facts of this case, the district court did not err in not requiring the disclosure of the informant's identity prior to trial. Foster makes much of the fact that Kyle [the informant] was a key participant in the first drug transaction between Foster and Armstrong. It cannot be gainsaid that Kyle was a key witness in this case. The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required. See United States v. Barnes, 486 F.2d 776, 778-79 (8th Cir. 1973). We find, however, that Foster was not harmed by the non-disclosure of Kyle's identity prior to trial. It is highly significant that Kyle ultimately testified at trial. See id. at 779. He testified at length and was subjected to extensive cross-examination…Foster had a full opportunity to question Kyle about [information related to Foster's defense] and any other relevant matters.

Id. at 1202-3.

Applying the Roviaro balancing test in light of the Eighth Circuit's decision in Foster, it becomes clear that this Court *could* deny the defendants' motions seeking the identity of the cooperating witness, since it is the government's intention to call the confidential informant to testify at trial.

3

However, the government is only asking that the motion be denied insomuch as the timing of disclosure of the identity of the confidential informant.

It is the government's intention, in keeping with the practice of this office in similar cases, to provide the identity of the cooperating witnesses ten or more business days before trial. At that time the government will also provide all relevant Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Jencks Act, (18 U.S.C § 3500), information about the confidential informant and any person the United States intends to call as witness.

Furthermore, the government has already provided Rule 16 discovery, in the form of reports, audio, video, and interviews, to defense counsel. This provision coupled with the other information provided by the government pursuant to Rule 16, are sufficient to prevent any surprise at trial. It should be noted, this is more than the law requires.

*b. Make Confidential Witness Available for Interview*

Rule 16 does not mandate the government produce any witness for interview. Additionally, the government is not obligated to produce a confidential informant for interview when the confidential informant is going to testify, as in this case.

In United States v. Barnes, 486 F.2d 776 (8th Cir. 1973), the court specifically indicated it agreed with the government's contention that the government is not obligated to produce the confidential informant for interview prior to trial.

> The government contends that it is not obligated to produce the informant for interview prior to trial. It argues that the Sixth Amendment right of confrontation does not involve pretrial disclosure (citations omitted). *Although we agree with the latter contention*, under the facts presented here, where the informant is shown to

be a material witness and the government does not plan to use the informant as a witness, it owes a duty to make every reasonable effort to have the informant made available to the defendant to interview or use as a witness, if desired. Id. at 779-780 (emphasis added).

## II. ADDITIONAL DEFENDANT REQUESTS NOT SPECIFICALLY MENTIONED IN DEFENDANT'S MOTION

*a. Prior Felony Record, Misconduct or Prior Bad Acts, Promises, Consideration, Threats or Coercion, Prior Testimony, Impeachment Information,*

The government will also provide all relevant Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Jencks Act, (18 U.S.C § 3500), information about the confidential informant, and any person the United States intends to call as witness, to defense counsel in a timely fashion. Specifically the government intends to disclose any felony convictions the confidential informant may have ten or more business days before trial.

*b. Names, Criminal Numbers, and Any and All Other Criminal Cases…in Which the Confidential Informant has been Involved*

While, as described in IIa, the government will also provide all relevant Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Jencks Act, (18 U.S.C § 3500), information about the confidential informant, the government objects to providing specific case names, criminal numbers, etc. in which the confidential informant has previously been involved. This request exceeds the scope of Brady, Giglio, Jencks Act, and Rule 16 obligations.

# III. CONCLUSION

For the foregoing reasons and arguments, the Government respectfully requests the Court deny Defendant's motion. Government will provide the name of the confidential informant and all discovery obligations ten or more business days before trial.

Respectfully Submitted,

UNITED STATES OF AMERICA,
Plaintiff

ROBERT C. STUART
Acting United States Attorney
District of Nebraska

By: s/ Martin R. Klein
MARTIN R. KLEIN #22917
Special Assistant U.S. Attorney
100 Centennial Mall North
487 Federal Building
Lincoln, NE 68508-3865
Tel: (402) 437-5241
E-mail: martin.klein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Carlos Monzon, counsel for Defendant.

  *s/Martin R. Klein*
MARTIN R. KLEIN
Special Assistant United States Attorney